United States District Court
Southern District of Texas
**ENTERED**
January 08, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WHITNEY VILLARREAL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B: 16-232 |
| | § | |
| FAMILY DOLLAR STORES | § | |
| OF TEXAS, LLC., | § | |
|     Defendant. | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 24, 2016, Plaintiff Whitney Villarreal ("Villarreal") filed a complaint in the Cameron County Court at Law II asserting claims of negligence and premises liability against Defendant Family Dollar Stores of Texas, LLC ("Family Dollar"). Dkt. No. 1-1, p. 5. Villarreal alleges that she was injured when her car hit "a deep pot hole on Defendant's premises that was covered with water." Id. On September 7, 2016, Family Dollar timely removed the case to this Court. Dkt. No. 1.

On October 20, 2017, Family Dollar filed a motion for summary judgment, which is currently before the Court. Dkt. No. 14. Villarreal timely filed a response and Family Dollar filed a reply brief. Dkt. Nos. 16, 18, 22.

After reviewing the record and the relevant case law, the Court recommends that the motion for summary judgment be granted. Villarreal has not shown a genuine dispute of material fact as to her premises liability claim. Additionally, her negligence claim fails as a matter of law.

**I. Background**

    **A. Factual Background**

On September 18, 2014, Villarreal went to Family Dollar with a friend to buy some paint brushes. Dkt. 16-1, p. 36. Villarreal arrived at the store around 5:00 p.m. Id., p. 52.

After purchasing the paint brushes, Villarreal and her friend left the store and returned to their vehicle. Id, p. 39. As they were leaving the parking lot, the car hit a pothole. According to Villarreal: "we were just driving and you just felt the car go in. You felt the car go in and our bodies move to the front and back. It was like a little whiplash. And there was water. We could not see the pothole because there was water over it." Id. Villarreal stated she was driving at a speed of about 10 to 15 miles per hour when she hit the pothole. Id, p. 43.

Villarreal called the police, who came to the scene. Dkt. No. 16-1, p. 49. An unidentified police officer told Villarreal "that there were previous incidents and that the general manager had already emailed [. . .] corporate or had spoke to corporate to come and fix the pothole and they hadn't done anything to it." Id. The police report states that the officer "made contact with Family Dollar employee Norma and advised her of the situation. Norma stated that she has already notified the corporate office about said pothole, but nothing has been done about this matter." Dkt. No. 16-4, p. 1.

Villarreal later saw a chiropractor for back pain that she suffered after the accident. Dkt. No. 16-1, p. 64. The chiropractor referred her to a specialist, who gave her epidural steroid injections into her spine.

**B. Procedural Background**

On June 24, 2016, Villarreal filed a complaint in the Cameron County Court at Law II, asserting claims of negligence and premises liability. Dkt. No. 1-1, p. 5. Villarreal sought damages for medical expenses, physical pain, mental anguish, physical impairment, loss of earnings, disfigurement, property damage, loss of use, costs, and interest. Id, p. 6. Villarreal pled that she sought damages of "over $100,000 but not more than $200,000." Id, p. 7.

On August 8, 2016, Family Dollar was served with a copy of the petition. Dkt. No. 1, p. 2.

On September 7, 2016, Family Dollar timely removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1. No party challenges jurisdiction in this Court. Dkt. No. 5, p. 2.

On September 7, 2017, Family Dollar filed a motion for summary judgment. Dkt. No. 13. In its motion, Family Dollar argued that Plaintiff had failed to submit admissible evidence showing that there was a genuine dispute of material fact as to whether Family Dollar "controlled the area where the pothole was located or that the pothole posed an unreasonable risk of harm." Id. Family Dollar also asserted that the general negligence claim failed as a matter of law. Lastly, Family Dollar sought summary judgment, arguing that there was no genuine dispute of material fact, as to whether Villarreal was entitled to damages for "(1) reasonably necessary past and future medical costs; (2) future pain and suffering; (3) physical impairment in the future; (4) loss of past earnings; (5) loss of future earning capacity; (6) disfigurement; (7) past or future mental anguish; (8) property damage; or (9) loss of use of the damaged property." Id.

On November 10, 2017, Villarreal timely filed a response to the motion for summary judgment. Dkt. No. 14. Villarreal asserted that there was a genuine dispute of material fact as to whether Family Dollar controlled the parking lot where the pothole was located. Id. Villarreal did not address any arguments relating to the general negligence claim. Villarreal's response repeatedly cited Texas summary judgment standards rather than federal summary judgment standards.[1]

On November 17, 2017, Family Dollar timely filed a reply brief. Dkt. No. 18.

On December 12, 2017, the Court struck Villarreal's response for failing to brief the issue under the appropriate federal summary judgment standards and ordered Villarreal to

---

[1] The motion for summary judgment in this case is decided based upon the standards set out at FED. R. CIV. P. 56, not TEX. R. CIV. P. 166a. See Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist., 404 F. Supp. 2d 942, 947-48 (S.D. Tex. 2005) (discussing the differences between federal and state summary judgment standards). For example, in its submission, Villarreal referenced a Texas provision permitting a so-called "no evidence" summary judgment motion. TEX. R. CIV. P. 166a(I); Dkt. No. 22, p. 5. "[T]he concept of a 'no evidence' summary judgment neither accurately describes federal law nor has any particular import in the vernacular of federal summary judgment procedure." Royal Surplus Lines, 404 F. Supp. 2d at 948.

file a corrected brief. Dkt. No. 21.

On December 18, 2017, Villarreal timely filed an amended response brief. Dkt. No. 22. In it, Villarreal reiterated her argument that there is a genuine dispute of material fact as to whether Family Dollar had control over the parking lot. Id.

On January 5, 2018, Family Dollar timely filed its reply brief. Dkt. No. 24.

## II. Applicable Law

### A. Diversity Jurisdiction

As relevant here, federal courts have jurisdiction over civil actions where (1) "the matter in controversy exceeds the sum or value of $75,000;" and, (2) the action is between citizens of different States. 28 U.S.C. § 1332(a)(1). In her complaint, Villarreal seeks damages in excess of $100,000. Dkt. No. 1-1. Furthermore, Villarreal is a citizen of Texas and Family Dollar is a Virginia corporation. Dkt. No. 1. No party disputes these facts. Diversity jurisdiction is clear in this case.

"Because federal jurisdiction in this case is based on diversity of citizenship, the court must apply Texas law when determining substantive issues." Finnicum v. Wyeth, Inc., 708 F. Supp. 2d 616, 619 (E.D. Tex. 2010) (referencing Foradori v. Harris, 523 F.3d 477, 486 (5th Cir. 2008)). "If no state court decisions control, [a federal court] must make an 'Erie[2] guess' as to how the Texas Supreme Court would apply state law." Beavers v. Metro. Life Ins. Co., 566 F.3d 436, 439 (5th Cir. 2009) (footnote added).

The Court, sitting in diversity jurisdiction, will apply Texas substantive law in this case. That being said, the motion for summary judgment will be decided using the standard set established by FED. R. CIV. P. 56. Barrett Computer Services, Inc. v. PDA, Inc., 884 F.2d 214, 217 n 3 (5th Cir. 1989); C.R. v. American Institute for Foreign Study, Inc., 2013 WL 5157699, *3 (W.D. Tex. 2013) (unpubl.). Thus, FED. R. CIV. P. 56 "governs the propriety of summary judgment in the present case." Royal Surplus Lines, 404 F. Supp. 2d at 948.

---

[2] Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

4

**B. Summary Judgment**

Summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).  A genuine issue is "real and substantial, as opposed to merely formal, pretended, or a sham." Bazan v. Hidalgo Cnty., 246 F.3d 481, 489 (5th Cir. 2001).  A material fact is one that might influence the outcome of the suit. Id.  Accordingly, a "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, L.L.C. v. Odom, 448 F.3d 744, 752 (5th Cir. 2006).

If "the nonmoving party will bear the burden of proof at trial on a dispositive issue," then "a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." Norwegian Bulk Transport A/S v. International Marine Terminals Partnership, 520 F.3d 409, 412 (5th Cir. 2008).  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. Id.

Additionally, the Court must review all evidence in the light most favorable to the non-moving party. Piazza's Seafood World, 448 F.3d at 752.  Factual controversies must be resolved in favor of the non-moving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Murungi v. Xavier Univ. of La., 313 Fed. App'x. 686, 688 (5th Cir. 2008) (unpubl.) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).  Thus, "in the absence of proof," the court cannot

"assume that the nonmoving party could or would prove the necessary facts." Little, 37 F. 3d at 1075. "Evidence that would not be admissible at trial is not competent evidence to be considered during summary judgment." Fonteneaux v. Shell Oil Co., 289 F. App'x 695, 699 (5th Cir. 2008) (unpubl.) (citing Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 192 (5th Cir. 1991)).

Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." Chacon v. Copeland, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)) (internal quotations omitted).

**C. Premises Liability**

In order to prove premises liability, the plaintiff must establish: "(1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier[3] did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner's or occupier's failure to use such care proximately caused the plaintiff s injury." Pay and Save, Inc. v. Martinez, — S.W.3d —, —, 2014 WL 7011799, *2 (Tex. App.-El Paso 2014) (footnote added) (citing CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99–100 (Tex. 2000)).

To establish knowledge, the plaintiff must show that: (1) the defendant placed the dangerous condition on the premises; or (2) the defendant actually knew that the dangerous condition was on the premises; or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. Braudrick v. Wal-Mart Stores, Inc., 250 S.W.3d 471, 476 (Tex. App. 2008) (listing elements in case involving damages caused by an unpainted speed bump in parking lot).

---

[3] There does not appear to be a clear definition under Texas law of who qualifies as an occupier, other than it includes a class of people who do not own the property in question, but retain control – either contractually or by custom – over its use. Allen v. Rogers, 977 S.W.2d 733, 736 (Tex. App. 1998).

6

Under premises liability, the defendant "may be held liable for a dangerous condition on the property if it assumed control over and responsibility for the premises, even if it did not own or physically occupy the property." United Scaffolding, Inc. v. Levine, No. 15-0921, 2017 WL 2839842, at *6 (Tex. June 30, 2017). "Moreover, a premises liability defendant may be subject to liability if it has a right to control the premises, which may be expressed by contract or implied by conduct." Id. Thus, "physical possession does not equate to the right to control the premises; one can exist without the other." Id. Nevertheless, a plaintiff must produce admissible evidence showing that the defendant had the right to control the premises. Strunk v. Belt Line Rd. Realty Co., 225 S.W.3d 91, 99 (Tex. App. 2005).

### D. Negligence

"To prevail on a common law negligence claim, a plaintiff must be able to prove three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach." Gann v. Anheuser-Busch, Inc., 394 S.W.3d 83, 88 (Tex. App. 2012).

### III. Analysis

Resolution of the present motion for summary judgment centers around the absence of admissible evidence to create a genuine dispute of material fact. As the plaintiff, Villarreal has the burden of proving her claims at trial. Strunk v. Belt Line Road Realty Co., 225 S.W.3d 91 (Tex. App.–El Paso 2005). Accordingly, Villarreal must show, for purposes of resolving this motion, that there is a genuine dispute of material fact as to each element of her claim. Norwegian Bulk Transport A/S, 520 F.3d at 412.

Villarreal has pled claims for premises liability and general negligence. The Court will address each of these issues in turn.

### A. Premises Liability

Villarreal has asserted a claim of premises liability, namely, that the pothole was a dangerous condition that Family Dollar had the duty to remedy. As such, Villarreal has the burden to establish that Family Dollar owned or controlled the parking lot, thus owing her

7

a duty of care. Graham Cent. Station, Inc. v. Pena, 442 S.W.3d 261, 265 (Tex. 2014). Villarreal, however, has failed to put forward admissible evidence that would create a genuine dispute of material fact.

Villarreal has cited a police report, which states that the officer "made contact with Family Dollar employee Norma and advised her of the situation. Norma stated that she has already notified the corporate office about said pothole, but nothing has been done about this matter." Dkt. No. 16-4, p. 1. As noted earlier, "[e]vidence that would not be admissible at trial is not competent evidence to be considered during summary judgment." Fonteneaux v. Shell Oil Co., 289 F. App'x at 699.

The "testimony" attributed to "Norma" was not given under oath, either via deposition or affidavit. Rather, it is mentioned in a police report. Villarreal cannot rely on this evidence; the statement is, at best, inadmissible hearsay evidence, which cannot be used to create a genuine issue of material fact. Fonteneaux, 289 Fed. App'x. at 699. Hearsay – an out of court statement, offered for the truth of the matter asserted – is inadmissible. FED. R. EVID. 801(c)(1). Indeed, the statement made by "Norma" is garden variety hearsay; a statement made to a third party that is introduced to show the truth of the statement, i.e. that Family Dollar knew about the pothole and controlled the parking lot, thus having the authority to repair it.

Furthermore, there are no exceptions to the hearsay rule that would render this evidence admissible at trial of allowing it to be considered in the context of a summary judgment motion. "Third party statements included in a police report are not admissible under the public records exception to the hearsay rule." Manis v. Lawson, 585 F.3d 839, 844 (5th Cir. 2009).[4]

---

[4] The Court notes in passing that even if this evidence was admissible, it may not be sufficient to establish a genuine dispute of material fact. It establishes that Norma contacted Family Dollar corporate headquarters to complain about the pothole. It does not indicate whether Family Dollar had control over the parking lot or whether the property owner had such control or whether Family Dollar could, under the terms of its lease, repair the pothole.

That same analysis holds true for the statement that the police officer made to Villarreal, where he stated that "that there were previous incidents and that the general manager had already emailed [. . .] corporate or had spoke to corporate to come and fix the pothole and they hadn't done anything to it." Dkt. No. 16-1, p. 49. Again, this is an out of court statement offered for the truth of the matter asserted, making it inadmissible hearsay evidence.

Given that neither of these statements can be used to resolve the motion for summary judgment, Villarreal has submitted no evidence establishing that Family Dollar owned or controlled the parking lot in question.[5] Thus, Villarreal has not established a genuine dispute of material fact that Family Dollar owed her a duty of care. Graham Cent. Station, 442 S.W.3d at 265. While the result may have been different if Villarreal had taken sworn statements from Norma and the police officer, which may have constituted admissible evidence, no such evidence has been offered. Accordingly, summary judgment is appropriate as to this claim.

Furthermore, even if Villarreal had established that Family Dollar owned or controlled the parking lot, her claim still fails. In order to prove premises liability, Villarreal must establish: actual or constructive knowledge of a condition on the premises by Family Dollar. Braudrick, 250 S.W.3d at 476.

To establish knowledge, the plaintiff must show that: (1) the defendant created the dangerous condition; or (2) the defendant actually knew that the dangerous condition existed; or (3) it is more likely than not that the condition existed long enough to give the premises

---

[5] Indeed, the Court takes judicial notice of the fact that Cameron County records show that the property is owned by "Realty Income Properties 17 LLC." Cameron Appraisal District, https://goo.gl/nu7C7r (last visited Dec. 20, 2017). The ownership of the property is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," so the Court can take judicial notice of it under FED. R. EVID. 201(b). Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011). Villarreal has submitted no evidence concerning the relationship between Family Dollar and Realty Income Properties 17, including which party is responsible for the maintenance and upkeep of the parking lot.

9

owner a reasonable opportunity to discover it. Pay and Save, 452 S.W.3d at 926.

Villarreal has never asserted that Family Dollar employees intentionally created the pothole, so she must either show that they knew about it or that it existed long enough for them to know about it.

As was previously discussed, the statements made by "Norma" and the police officer are hearsay and are not competent summary judgment evidence. Without those statements, Villarreal has submitted no evidence showing that Family Dollar employees had actual knowledge of the pothole.

On the other hand, to show that Family Dollar had a reasonable opportunity to discover the pothole, Villarreal must provide temporal evidence of how long the pothole existed. Coward v. H.E.B., Inc., 2014 WL 3512800, *4-5 (Tex. App.-Houston [1 Dist.] 2014) (unpubl.) (holding that temporal evidence is necessary for the fact-finder to conclude that the defendant had an opportunity to discover the dangerous condition.). It is not enough to merely provide evidence that there is a possibility that the condition existed long enough to give the defendant a reasonable opportunity to discover it. Del Toro v. Pay & Save, Inc., 444 S.W.3d 293, 298 (Tex. App. 2014).

Again, there is simply no admissible evidence in the record showing, or from which a determination can be made, as to how long the pothole existed. Villarreal's testimony provides no temporal evidence as to how the pothole was formed or how long it had been there. Given that temporal evidence is a necessary predicate to showing constructive notice, this failure precludes a genuine dispute of material fact as to this element of premises liability.

Because Villarreal failed to sustain her burden to show that Family Dollar had a reasonable opportunity to discover the dangerous condition, she has failed to meet an essential element of her claim. Furthermore, because there is no evidence that Family Dollar should have known about the condition, there is similarly no evidence to show that Family Dollar acted unreasonably in failing to reduce or eliminate the risk. For these reasons,

Family Dollar is entitled to summary judgment as to the premises liability claim.[6]

### B. Negligence

Furthermore, it seems clear that Villarreal cannot maintain a negligence claim against Family Dollar. "A litigant may maintain causes of action for both general negligence and premises liability, but under the general-negligence theory of recovery, the claimant's injury must result from the defendant's [affirmative] contemporaneous activity." Mangham v. YMCA of Austin, Texas-Hays Communities, 408 S.W.3d 923, 929 (Tex. App. 2013) (internal citations omitted). "Negligent activity and premises liability are both within the scope of negligence, but negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." Id. (internal quotations omitted).

There is no evidence in the record of any affirmative, contemporaneous conduct by Family Dollar or its employees that caused Villarreal's injuries. Villarreal's claims all sound in premises liability – that she drove into the pothole, because Family Dollar failed to take steps to protect her from danger. Accordingly, the negligence claim should be barred as a matter of law. Family Dollar is entitled to summary judgment on this claim.

## IV. Recommendation

It is recommended that Family Dollar's motion for summary judgment be granted, Dkt. No. 14.

It is further recommended that judgment be entered for Family Dollar as to all of

---

[6] Family Dollar also asserts that it is entitled to summary judgment because Villarreal has not shown that the pothole posed an unreasonable risk of harm. Dkt. No. 14, pp. 13-15. Given the Court's resolution of the other issues, it need not decide this issue. During her deposition, Villarreal testified that she did not see the pothole because it was filled with rainwater, which rendered it an unknown depth. This testimony, provided under oath at a deposition, would create a genuine dispute of material fact as to whether a large pothole, hidden in a pool of water, would pose an unreasonable risk of harm.

Villarreal's claims and that Villarreal take nothing, with each party responsible for its own fees and costs.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file timely objections shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v Arn</u>, 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on January 8, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge